1 | **LAQUER, URBAN, CLIFFORD & HODGE LLP**
Marija Kristich Decker, State Bar No. 207387
2 |   Email: Decker@luch.com
Andrew Q. Thompson: State Bar No. 340286
3 |   Email: AThompson@luch.com
200 South Los Robles Ave., Suite 500
4 | Pasadena, California 91101-2432
Telephone: (626) 449-1882
5 | Facsimile: (626) 449-1958

6 | Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 |

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, TRUSTEES OF THE OPERATING ENGINEERS LOCAL 12 DEFINED CONTRIBUTION TRUST, ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND, and SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND, <br><br> Plaintiffs, <br><br> v. <br><br> 4 KAY'S SWEEPING INC., a California corporation, <br><br> Defendant. | CASE NO.: 2:24-cv-2518 <br><br> **COMPLAINT FOR BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND VIOLATION OF ERISA § 515 [29 U.S.C. § 1145]** |

1
**COMPLAINT**

1834854

Plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, Trustees of the Operating Engineers Training Trust, Trustees of the Operating Engineers Local 12 Defined Contribution Trust, Engineers Contract Compliance Committee Fund, and Southern California Partnership for Jobs Fund, complain and allege:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. §1132(e)(1)], which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. §1132(a)(3)] to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. §1132(f)].

2. This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. §185(a)], which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)], and section 301(a) of the LMRA [29 U.S.C. § 185(a)], in that this is the district in which the Plaintiffs' Trusts (defined below) are administered, the signatory union maintains union offices, and where the contractual obligation is to be paid.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

## PARTIES

5. Plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, Trustees of the Operating Engineers Training Trust, and Trustees of the Operating Engineers Local 12 Defined Contribution Trust (collectively "Trustees"), are the trustees of five express trusts (collectively "Trusts") created pursuant to written declarations of trust ("Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12 ("Local 12"), and various employer associations in the construction industry in Southern California and Southern Nevada. The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)]. All of the Trusts referenced above are administered by the Trustees in Los Angeles County. Plaintiffs, as Trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)]. Plaintiff, Engineers Contract Compliance Committee Fund, was established by Local 12 in accordance with Section 6(b) of the Labor Management Cooperation Act of 1978 in order to improve job security and organizational effectiveness. Plaintiff, Southern California Partnership for Jobs Fund is an industry-wide advancement fund established by the employers and Local 12. All plaintiffs are collectively referred to herein as the "Plaintiffs."

6. At all times material herein, Local 12 has been a labor organization representing employees in the building and construction industry in Southern California and Southern Nevada, and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].

///

///

7. Plaintiffs are informed and believe, and thereon allege, that at all times material herein, Defendant, 4 Kay's Sweeping Inc. ("Defendant"), was and is a California corporation with its principal place of business in Long Beach, California.

## EXECUTION OF BARGAINING AGREEMENT
## AND STATUS OF PARTIES

8. On or about May 20, 2020, Defendant executed and delivered to Local 12 a written collective bargaining agreement ("Agreement") whereby Defendant agreed to be bound by the terms and conditions, with certain exceptions, of certain written and existing agreements between various multi-employer associations and Local 12. In particular, Defendant agreed to be bound by the written Master Construction Agreement ("Master Agreement") in effect between Local 12 and the Southern California Contractors Association, a multi-employer association ("Association"), as well as the incorporated Trust Agreements. At all times material herein, the Master Agreement has been a written collective bargaining agreement in effect between the Association and Local 12.

9. On or about March 20, 2020, Defendant executed written acknowledgments and acceptances of each of the Trust Agreements.

10. Defendant is an "*employer*," as that term is understood in the Master Agreement and related Trust Agreements.

11. Defendant is an "*employer*" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)], and therefore, Defendant is "*obligated to make contributions to a multiemployer plan*" within the meaning of section 515 of ERISA [29 U.S.C. § 1145]. Plaintiffs are informed and believe, and thereon allege, that Defendant is also an "*employer*" engaged in "*commerce*" in an "*industry affecting commerce*," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. §§ 142(1), 142(3)], and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

///

**CLAIM FOR RELIEF**

**Breach of Written Collective Bargaining Agreement and**

**Violation of § 515 of ERISA [29 U.S.C. § 1145]**

12.  Plaintiffs hereby refer to, and incorporate herein, paragraphs 1 through 11 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

13.  Section 515 of ERISA [29 U.S.C. § 1145], provides *"[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."*

14.  Defendant is an *"employer"* as defined and used in § 3(5) of ERISA [29 U.S.C. § 1002(5)], and is *"obligated to make contributions to a multiemployer plan"* within the meaning and use of section 515 of ERISA [29 U.S.C. § 1145].

15.  By the terms and provisions of the Agreement, Master Agreement, and related Trust Agreements, and at all times material herein:

   15.1 Defendant agreed to prepare and submit true, complete, and accurate written monthly contribution reports ("Monthly Reports") to Plaintiffs in a timely manner showing the identity of its employees performing work covered by the Master Agreement, the number of hours worked by or paid to these employees, and based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions due for such employees.  At all times material herein, Defendant has been obligated to submit monthly reports and pay fringe benefit contributions to Plaintiffs at their place of business in Pasadena, California, on or before the 10th day of each successive month;

   15.2 Defendant agreed to permit Plaintiffs and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions have been properly paid pursuant to the Master Agreement and related

Trust Agreements; and

        15.3    Defendant agreed to pay to Plaintiffs fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by, or paid to, applicable employees. These amounts are due and payable at the Trusts' administrative offices in Pasadena, California.

     16.    The Master Agreement further provides that if any employee who performs covered work is paid in a manner other than an hourly wage, Defendant must pay Plaintiffs fringe benefit contributions on behalf of that employee based on 40 hours of work per week. Plaintiffs are informed and believe, and thereon allege, that at all times material to this action, Keith Price ("Mr. Price") performed work for Defendant that was covered by the Master Agreement for which he was paid other than an hourly wage.

     17.    Plaintiffs are informed and believe, and thereon allege, that at all times material to this action, Mr. Price was a principal of Defendant. Defendant paid Mr. Price other than an hourly wage for his work, which included work covered by the Master Agreement such as street sweeping maintenance services on construction sites. On or around July 30, 2020, Defendant signed a written Principal Employee Program Participation Agreement (the "PEPPA"). The PEPPA permitted Defendant to report and pay contributions on behalf of Mr. Price at a flat monthly rate in lieu of paying contributions on his behalf based on 40 hours of work per week, as provided by the Master Agreement. The PEPPA provides that if Defendant fails to abide by the terms and conditions of the PEPPA, Defendant must pay fringe benefit contributions on behalf of Mr. Price based on 40 hours of work per week, as provided in the Master Agreement.

     18.    Defendant breached the PEPPA by failing to pay the flat rate contributions for Mr. Price for work performed during the time period of February 2024 (and thereafter). Defendant violated the PEPPA, Agreement, Master Agreement, Trust Agreements, and its statutorily mandated obligation under section 515 of ERISA

[29 U.S.C. § 1145], to timely pay fringe benefit contributions to Plaintiffs pursuant to the PEPPA, Agreement, Master Agreement, and related Trust Agreements for that work.  Because Defendant breached the PEPPA by failing to pay the flat rate contributions for Mr. Price during the time period of February 2024, under the PEPPA and the Master Agreement, Defendant is obligated to pay to Plaintiffs fringe benefit contributions of $3,168.25 based on 40 hours of work per week on behalf of Mr. Price for the month of February 2024.  Currently, Defendant owes $3,168.25 in contributions for work performed during the month of February 2024.  This amount is due and payable at Plaintiffs' administrative offices in Pasadena, California.

19.  Defendant is "*delinquent*," as that term is used in the Master Agreement and related Trust Agreements.

20.  Plaintiffs are informed and believe, and based thereon allege, that there is no legal excuse for Defendant's breach of its obligations under the Master Agreement and related Trust Agreements in violation of section 515 of ERISA [29 U.S.C. § 1145].

21.  Defendant has failed to timely pay contributions and other amounts owed to Plaintiffs, accruing since March 2022.  Pursuant to the Agreement and Master Agreement, Defendant agreed that in the event Defendant failed to pay fringe benefit contributions, or otherwise comply with the terms and provisions of the Master Agreement and related Trust Agreements, Defendant would be considered delinquent with the Trusts and would pay Plaintiffs the greater of $25.00 per month or ten percent (10%) of the total amount then due as liquidated damages for each delinquency.

22.  Although some payments have been made by Defendant that have been credited towards the amounts owed by Defendant for work performed during March 2022, forward, as of the date this Complaint was drafted, additional fringe benefit contributions remain due and owing from Defendant to Plaintiffs.  Currently, Defendant has failed to pay fringe benefit contributions to Plaintiffs for work performed by Defendant's employees during the month of February 2024, under the

1  Master Agreement, in violation of the Master Agreement, Trust Agreements, and
2  Defendant's statutorily mandated obligation under § 515 of ERISA [29 U.S.C. §
3  1145]. The amount of fringe benefit contributions currently owed by Defendant under
4  the Master Agreement for work performed in February 2024 totals $6,056.58. This
5  amount is in addition to the amounts owed in paragraph 18 for breach of the PEPPA.

6      23.    Plaintiffs are informed and believe, and based thereon allege, that Defendant has failed to pay certain additional amounts of fringe benefit contributions not presently known to Plaintiffs. These additional amounts will be established by proof at the trial herein.

    24.    Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, the Court shall award the plan: (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, (D) reasonable attorneys' fees and costs, and (E) such other legal or equitable relief as the Court deems appropriate. For purposes of section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], interest on unpaid contributions shall be determined by using the rate provided under the plan or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621.

    25.    Pursuant to the Master Agreement, related Trust Agreements, and section 502(g)(2)(C)(ii) of ERISA [29 U.S.C. § 1132(g)(2)(C)(ii)], Defendant owes Plaintiffs liquidated damages of at least $8,840.55 for the work months of March 2022 through February 2024, plus additional amounts currently unknown to Plaintiffs that will be established by proof.

    26.    Pursuant to the Master Agreement, related Trust Agreements, and section 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], Defendant owes Plaintiffs

interest of at least $1,184.63 for the work months of March 2022 through February 2024, plus additional amounts currently unknown to Plaintiffs that will be established by proof.

27. By the Agreement, Master Agreement and related Trust Agreements, Defendant agreed to pay Plaintiffs all legal and auditing costs in connection with the collection of any delinquency, whether incurred before or after litigation is, or was, commenced. Defendant owes Plaintiffs' audit costs in amounts currently unknown to Plaintiffs that will be established by proof.

28. It has been necessary for Plaintiffs to engage legal counsel for the purpose of collecting said contributions and damages, and Plaintiffs are entitled to their reasonable attorneys' fees in connection therewith pursuant to the Agreement, Master Agreement, Trust Agreements, and section 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)]. The exact amount of the legal fees due and payable has not been ascertained at this time. These amounts shall be established by proof.

29. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)(E)], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of Plaintiffs' judgment, Plaintiffs shall request the Court to:

    29.1 Order Defendant to post and deliver either a good faith deposit, or a performance bond issued in favor of Plaintiffs in an amount determined by the Court to be appropriate, and

    29.2 Order the creation of a constructive trust on all applicable property and order the transfer of the applicable property to the Trusts, and

    29.3 Order Defendant to pay Plaintiffs all amounts due to the Trusts, including, but not limited to, all unpaid contributions, benefits, withholdings, damages, legal fees, audit costs and other expenses and damages incurred.

///

///

///

## PRAYER

WHEREFORE, as to all Claims for Relief, Plaintiffs pray for judgment against Defendant as follows:

1. For unpaid fringe benefit contributions and other damages for breach of contract in the sum of at least $9,224.83, plus additional amounts as proved;

2. For liquidated damages in the sum of at least $8,840.55, plus additional amounts as proved;

3. For interest damages in the sum of at least $1,184.63, pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], and section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621, or at the legal rate, plus additional amounts as proved;

4. For audit costs in amounts as proved;

5. For reasonable attorneys' fees and costs of suit incurred;

6. For a good faith deposit or performance bond in favor of Plaintiffs in an amount equal to the total amount determined by this Court to be due to Plaintiffs, as proved; and

7. For such additional relief as this Court deems just and proper.

DATED: March 27, 2024   LAQUER, URBAN, CLIFFORD & HODGE LLP

By:   /s/ - *Andrew Quinn Thompson*
Andrew Quinn Thompson, Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.

## WAIVER OF JURY RIGHT

DATED: March 27, 2024   LAQUER, URBAN, CLIFFORD & HODGE LLP

By:   /s/ - *Andrew Quinn Thompson*
Andrew Quinn Thompson, Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.